NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WALTER J. ALBECKER,**

*Plaintiff-Appellant,*

**v.**

**CONTOUR PRODUCTS, INC. (FL),** AND
**CONTOUR PRODUCTS, INC. (NC),**

*Defendants-Appellees.*

---

2014-1318

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:09-cv-00631, Judge Edmond E. Chang.

---

Decided: August 7, 2014

---

WALTER J. ALBECKER, of Chicago, Illinois, pro se.

J. MARK WILSON, Moore & Van Allen PLLC, of Charlotte, North Carolina, for defendants-appellees.

---

Before PROST, *Chief Judge,* NEWMAN and TARANTO, *Circuit Judges.*

PER CURIAM.

Pro se appellant Walter J. Albecker appeals from the summary judgment of the United States District Court for the Northern District of Illinois holding that certain chairs made by Contour Products ("Accused Products") do not infringe Albecker's U.S. Patent No. 5,836,653 ("'653 patent"). Specifically, the district court held that, as a matter of law, the Accused Product's one-piece construction does not satisfy the limitations of the '653 patent.

We conclude that the district court correctly construed the claims and properly granted summary judgment of noninfringement. Accordingly, we affirm.

BACKGROUND

Albecker is the sole owner of the '653 patent, which is directed to a backrest/leisure chair. In 2009, Albecker filed a complaint against Contour Products, Inc. (FL) and Contour Products, Inc. (NC), (collectively, "Contour") alleging that certain products sold by Contour infringed upon numerous claims of the '653 patent. Independent claim 10, representative of those claims, covers a backrest/leisure chair comprising a face, a base, a back, and "a top cushion having an upper and lower portion *secured to* the face of the generally wedge shaped foundation." '653 patent col. 18 ll. 14-41 (emphasis added).

After a claim construction hearing, the district court held that the term "secured to" means "attached using attachment means, such as an adhesive or mechanical type fasteners that might be used with material that is selected for the top cushion and foundation." Memorandum Opinion and Order at 13, *Albecker v. Contour Prods., Inc.*, 1:09-cv-00631, ECF No. 54 (N.D. Ill. May 3, 2010) ("Claim Construction Order"). As articulated by the district court, "That construction resolved the principal dispute in this case: whether Claim 10 is infringed by a one-piece chair with a top cushion that is 'integral and

continuous' with the foundation (as Albecker argued), or infringed only by a two-piece chair whose top cushion is physically attached or 'secured to' the foundation (as Contour argued)." Order at 2, *Albecker v. Contour Prods., Inc.*, 1:09-cv-00631, ECF No. 135 (N.D. Ill. Jan. 6, 2014) ("Summ. J. Order").

Subsequently, Albecker moved the district court to reconsider its claim construction. The district court denied that motion and confirmed its prior construction. Contour then moved for summary judgment of noninfringement, and the district court granted the motion holding that no reasonable jury could find that the Accused Products—one-piece chairs—infringe the '653 patent.

Albecker timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## ANALYSIS

Albecker argues that the district court erred in construing the claims and, consequently, in granting summary judgment of noninfringement. Specifically, Albecker alleges that the district court erred in its claim construction by, in effect, nullifying a valid dependent claim.

Claim construction is a question of law that we review without deference. *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1276–77 (Fed. Cir. 2014) (en banc); *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). In construing claims, this court relies primarily on the claim language, the specification, and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314–17 (Fed. Cir. 2005) (en banc). A court may seek guidance from extrinsic evidence such as expert testimony, dictionaries, and treatises. *Id.* at 1317–18.

Albecker's main argument is that the district court erred in its construction of "secured to" "by ignoring the most important element in the present case – Claim 11." Appellant's Br. 3.

Claim 11 states:

> 11. The backrest/leisure chair of claim 10 wherein the top cushion is integral and continuous with the generally wedge shaped foundation.

'653 patent col. 18 ll. 42–44.

As an initial matter, the parties spend considerable effort arguing about whether claim 11, having been withdrawn during prosecution in a species election, was properly reinstated and allowed. Ultimately, though we need not wade into that dispute. Claim 11 was issued, survived reexamination, and was not attacked for validity in the appealed summary judgment. Indeed, in granting summary judgment, the district court appeared to accept, at least for the purposes of that opinion, the validity of claim 11. It stated, "Contour's motion does not assert the affirmative defense that Claim 11 is invalid, not even in the alternative." Summ. J. Order at 5. And, "[b]ecause Contour has moved only for a judgment of noninfringement on Claim 10, the invalidity of Claim 11 is not disputed here." *Id.* at 6. Thus, for this appeal, we will simply assume claim 11 is valid and may properly inform claim construction.

We now turn to the extent it should inform the claim construction. Albecker's position is that "if claim 11 depends on claim 10, it is <u>axiomatic</u> that claim 10 is broad enough to include embodiments that have a top cushion which is integral and continuous with the foundation." Appellant's Br. 8. This is essentially a claim differentiation argument. And, importantly, "[c]laim differentiation is a guide, not a rigid rule." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991)) (quoting *Auto-*

*giro Co. of Am. v. United States*, 384 F.2d 391, 404 (Ct. Cl. 1967)); *see also Seachange Int'l, Inc. v. C–COR, Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005) (reiterating that claim differentiation is "not a hard and fast rule and will be overcome by a contrary construction dictated by the written description or prosecution history" (citation omitted)).  Thus, our task is to determine if the evidence supporting the district court's construction is strong enough to overcome Albecker's claim differentiation argument.

We turn first to the claims themselves.  As the district court pointed out, "[a]side from its presence in limitation (c) [of claim 10] and comparable usage in independent claims 1 and 21, the term 'secure' or 'secured' is used four times throughout the '653 patent claims."  Claim Construction Order at 10.  For example, claim 18 recites "a seat cushion having an attachment means *secured to* the lower portion of the foundation," and claim 20 recites a "pillow [with] an attachment means to *secure* it near the top of the generally wedge shaped foundation."  '653 patent col. 19 ll. 3–8; col. 19 ll. 13–16 (emphasis added).  We agree with Contour and the district court that in all of these instances the term is used to refer to the physical attachment of two separate pieces.

Turning to the specification, Contour argues that the specification "consistently use[s] 'secured to' and 'integral and continuous' as *mutually exclusive alternatives*."  Appellee's Br. 17.  Contour points to the description of the convex lumbar support that "can be integral and continuous with the foundation, *or* can be secured to the top of the lower portion of the foundation as might be the case if the foundation was made of a rigid material such as plywood, particle board etc."  '653 patent col. 6 ll.48–52 (emphasis added).  We agree with the district court that the use of the disjunctive "or" strongly suggests that the term 'secured to' in independent claim 10 cannot also

mean "integral and continuous." Claim Construction Order at 12.

We also agree with Contour that the specification uses variations of the word "secure" to describe two pieces being attached together using attachment means." Appellee's Br. 18. For example, the specification states the following:

> Unlike the head pillow straps mentioned above, this upholstery attachment means **35** or a similar means of *securing* the seat cushion **34** to the foundation **42** are essential to proper working of the [sic] of this embodiment. . . . The seat cushion **34** is designed to prevent the user from sliding down, and needs to be *secured* so that the user won't slide down and move the seat cushion **34** while he or she slides down. . . . The same type of technique could be used to close the bottom of the upholstery **30** on the top cushion **26**—though it is not necessary that both the seat cushion **34** and top cushion **26** be *secured* together in this manner. Other methods that would be suitable for attaching the seat cushion **34** to the foundation **42** or upholstery **30** such as straps etc. are known in the art related to upholstery.

'653 patent col. 8 ll. 27-61 (emphases added).

Overall, the specification strongly supports the district court's construction of "secured to."

The prosecution history also supports the district court's construction. During prosecution the examiner stated that "[w]hile the [prior art] supports do not show an overlying cushion member, to have provided such for additional comfort, would have been an obvious modification to one with ordinary skill in the art . . . ." Office Action, No. 08/492,170 at 3 (Oct. 10, 1996). Contour argues that this statement indicates that "the USPTO

examined the '653 patent application by interpreting the claimed invention to require two pieces, where one overlies the other." Appellee's Br. 22. We agree.

Contour also argues that the examiner's statements during reexamination support the conclusion that the claims do not cover integral and continuous, one-piece products. In holding that the claimed invention was not anticipated, the examiner stated that "Johnson fails to teach a top cushion secured to the face (limitation in independent claims 1, 10, and 21) because Johnson only teaches a pillow with a cover." Notice of Intent to Issue Ex Parte Reexamination No. 90/010,398 at 3 (Sept. 18, 2009). Similarly, "Smith fails to teach a top cushion secured to the face (limitation in independent claims 1, 10, and 21) because Smith only teaches a single pillow structure." *Id.* at 4. The examiner's statements during reexamination support Contour's position and the district court's construction.

Accordingly, we hold that the presence of claim 11 is insufficient to overcome the strong evidence in the claims, specification, prosecution history, and reexamination record that the district court's construction is correct.

Albecker argues several other points in his informal briefing. Of these, he spends the most time arguing that the district court did not recognize the significance of the "special definition" of "top cushion." Appellant's Br. 11. We also do not understand the significance of this point. The district court adopted Albecker's proposed construction of "top cushion." Albecker now appears to argue that the district court somehow applied that construction incorrectly. But Albecker fails to articulate that supposed error or how it affects the noninfringement ruling. As such this argument is unpersuasive, as are his other remaining arguments.

Having concluded that the district court's relevant construction is correct, we also hold its corresponding

grant of summary judgment to be correct. Even Albecker conceded that under the district court's construction his infringement claims were "doomed to failure." Appellee App. 101.

## CONCLUSION

We conclude that the district court did not err in its claim construction or its grant of summary judgment of noninfringement. We thus affirm the district court.

**AFFIRMED**